194 N.J. Super. 337 (1984)
476 A.2d 1250
CLYDE WRIGHT, PLAINTIFF,
v.
ELWOOD RUMBLE AND UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, DEFENDANTS-RESPONDENTS, AND DEREK W. JOHNS, DONALD H. JOHNS AND LOUIS FULMER, DEFENDANTS, AND COLONIAL PENN INSURANCE COMPANY, DEFENDANT-THIRD PARTY PLAINTIFF-APPELLANT,
v.
REGAL PREMIUM FINANCE, INC., THIRD PARTY DEFENDANT-RESPONDENT, AND PHILLIPS AGENCY, THIRD PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued March 5, 1984.
Decided March 29, 1984.
*340 Before Judges BISCHOFF and BRODY.
Karl A. Fenske argued the cause for appellant.
Robert M. Kaplan argued the cause for respondents Elwood Rumble and Unsatisfied Claim and Judgment Fund Board (Yampell & Cosentino, attorneys; Robert M. Kaplan on the brief).
Alan H. Ettenson argued the cause for respondent Regal Premium Finance, Inc. (Taenzer, Friedman & Ettenson, attorneys; Alan H. Ettenson on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
Plaintiff sued Elwood Rumble in this action for damages arising out of an accident allegedly caused by Rumble's negligent operation of an automobile. The issues in that aspect of the case await trial in the special civil part after a determination of this appeal. The remaining issues, before us because the trial judge certified his order as final, relate to whether an automobile policy insuring Rumble and issued by Colonial Penn Insurance Co. (Colonial Penn) was effectively cancelled before the accident. If it was, the Unsatisfied Claim and Judgment Fund Board and not Colonial Penn must defend and pay plaintiff's ultimate recovery. The policy was purportedly cancelled at the request of Regal Premium Finance, Inc. (Regal), an insurance premium finance company that had paid the policy premium. Rumble never paid anything on account of the premium. The trial judge held that the notice of cancellation was defective and therefore the policy was not cancelled before the accident. We reverse.
*341 The facts are not in dispute. By their written agreement, Rumble authorized Regal to pay Colonial Penn the premium for the policy in question and agreed to repay Regal with interest in monthly installments commencing September 10, 1978. The agreement further provided that Rumble's default in making an installment payment when due "shall render the whole unpaid balance of principal hereof immediately due and payable, without notice, and if default continues for ten (10) days thereafter, shall constitute an election by the undersigned insured to cancel the policy."
On September 14 Regal mailed Rumble a notice stating that because his September 10 installment was not paid his "insurance is subject to cancellation if payment is not received within 10 days of this notice." The notice also contained the printed words "cancellation date" followed by the typewritten date "September 27, 1978." One may infer from the record that Colonial Penn received a copy of this notice.
Rumble persuaded Regal to postpone the cancellation on the promise that the installment would be paid by October 2. Regal waited for payment until October 4. It then mailed Colonial Penn and Rumble a form entitled "cancellation notice." It contained the following request to Colonial Penn that it cancel the policy: "This notice effective immediately, request cancellation of policy ... for ... Non-payment of Premium."
Meanwhile, unaware that Regal had given Rumble more time, Colonial Penn purported to cancel the policy on September 27 and so notified Rumble by a "notice of cancellation" mailed October 14. The accident occurred on October 20.
Cancellation on September 27 was in keeping with Regal's September 14 notice and the contract provision that deemed Rumble to have elected cancellation by not curing the default within 10 days. Regal's contract rights, however, are overriden by the statutory provisions on which the trial judge based his ruling. N.J.S.A. 17:16D-13 provides in relevant part:

*342 (a) When a premium finance agreement contains a power of attorney enabling the premium finance company to cancel any insurance contract or contracts listed in the agreement, the insurance contract or contracts shall not be cancelled by the premium finance company unless such cancellation is effectuated in accordance with this section.
(b) Not less than 10 days' written notice shall be mailed to the insured of the intent of the premium finance company to cancel the insurance contract unless the default is cured within such 10-day period. A copy of said notice shall also be sent to the insurance agent or insurance broker indicated on the premium finance agreement.
(c) After expiration of such 10-day period, the premium finance company may thereafter request in the name of the insured, cancellation of such insurance contract or contracts by mailing to the insurer a notice of cancellation, and the insurance contract shall be canceled as if such notice of cancellation had been submitted by the insured himself, but without requiring the return of the insurance contract or contracts. The premium finance company shall also mail a notice of cancellation to the insured at his last known address and to the insurance agent or insurance broker indicated on the premium finance agreement. The effective date of such cancellation shall not be earlier than 3 days after the date of mailing of such notice to the insured and to the insurance agent or insurance broker.
....
For a cancellation to be effective under the statute the premium finance company must give the insured two notices. Each performs a different function.
The "notice of intent to cancel" is given after default and advises the insured that unless he cures the default within 10 days the finance company will cause the policy to be cancelled. The function of that notice is to give the insured warning that if payment is not made by a certain date, it will be too late for him thereafter to prevent cancellation of the policy. The notice must be clear and unequivocal so that the insured will fully understand his peril and know what he has to do to prevent cancellation. If the notice of intent to cancel is inadequate, it will not be given legal effect. See Brown v. Shaw, 174 N.J. Super. 32, 40-41 (App.Div. 1980).
The "notice of cancellation" is given after the insured has failed to cure the default. He already knows from the "notice of intent to cancel" that the finance company may now cancel at any time. The notice of cancellation advises the *343 insured that the finance company cancelled the policy. Its function is simply to alert the insured that he is no longer insured by the policy. Whenever he receives it, the insured can no longer prevent cancellation if the notice of intent to cancel was adequate.
In order to prevent termination of coverage before the insured has a chance to be aware of cancellation, the statute provides that "cancellation shall not be earlier than 3 days after the date of mailing of [the notice of cancellation]." This allows time for mail delivery of the notice. Thus no matter when the finance company requests the insurer to cancel, the statute establishes the effective date of cancellation as three days after the finance company mails notice of cancellation to the insured unless the insurer cancels at a later date.
Regal's October 4 notice of cancellation clearly advised Rumble that Regal requested Colonial Penn to cancel his policy. The policy was therefore effectively cancelled October 7, three days after Regal mailed Rumble the notice. Although the request to cancel "effective immediately" could mean to cancel within the three-day mailing period, an attempt by Colonial Penn to cancel before the period expired would not be effective under the statute until October 7. There is no reason to invalidate Regal's request to cancel in these circumstances. Rumble does not claim to have been misled by the notice of cancellation. He was certainly not prejudiced. Even if he believed that the effective date of cancellation fell within the mailing period, he would only be misled into believing he was uninsured for a day or two. Had an accident occurred during that time, he would have been covered. The accident here occurred almost two weeks later.
The judge invalidated the cancellation on the basis of Colonial Penn's "notice of cancellation" mailed October 14 which advised Rumble that his policy was cancelled "effective 12:01 A.M. 9/27/78." Colonial Penn's notice in this case though inaccurate was harmless.
*344 Reversed and remanded for further proceedings consistent with this opinion.