KATHLEEN RYAN, PLAINTIFF, v. MELANIE A. HENDERSON, ALLSTATE INSURANCE COMPANY, CLIFFORD W. SNEDEKER, DIRECTOR OF THE DIVISION OF MOTOR VEHICLES AND UNSATISFIED CLAIM & JUDGMENT FUND, DEFENDANTS.

Superior Court of New Jersey
Law Division Monmouth County

Decided January 21, 1986—Amended May 23, 1986.

**590**

*Widman and Cooney,* for Plaintiff (*Fred Ira Eckhaus* on brief).

*Campbell, Foley, Lee, Murphy and Cernigliaro,* for Defendant Allstate (*Michael D. Kirby* on brief).

*Jared Honigfeld,* for Defendant Henderson (*Kathleen D. Kinaszczuk* on brief).

SELIKOFF, J.S.C.

This matter comes before the Court on two motions for summary judgment. Plaintiff, Kathleen Ryan moves for summary judgment on the third count of her complaint regarding her claim for relief from the Unsatisfied Claim and Judgment Fund. Defendant, Allstate Insurance Company also moves for summary judgment as to the issue of coverage concerning co-defendant, Melanie Henderson, under her insurance policy.

The facts are not in dispute. On February 2, 1983, Melanie Henderson went to her insurance broker, Artom, Inc., and completed and signed an application for automobile insurance to be placed with the New Jersey Automobile Insurance Plan (AIP). At the same time, she executed a financing agreement with Intech Premium Funding Corporation to finance the premium due to the carrier assigned to insure her, that being Allstate. Intech forwarded their draft for the initial premium of $127.20 along with their notice of financing to the AIP.

The financing agreement executed by Henderson required her to make her first financing payment of $55.10 on March 2, 1983. She failed to make this payment to Intech. On March 30, 1983, Intech, pursuant to the power granted them by Henderson, sent a notice of cancellation to Henderson, Allstate and Artom, Inc. The cancellation was to become effective on April 3, 1983.

Prior to the processing of the cancellation notice, however, Allstate issued a premium notice to Henderson indicating that $251.40 was due on or before April 9, 1983. Due to a change of address, Ms. Henderson received this sometime in mid-April. Based upon this billing, Ms. Henderson sent a check for the full amount to Allstate on May 1, 1983.

On May 2, 1983, plaintiff Ryan was injured when she was allegedly struck by a vehicle operated by Ms. Henderson. Four days after the accident, Allstate claims to have received the check for $251.40, issued by Ms. Henderson.

Believing that Ms. Henderson was not insured at the time of the accident, plaintiff thereafter sought relief from the Unsatisfied Claim and Judgment Fund (UCJF). Notice of Intention to make a claim was received by the UCJF on July 5, 1983. On July 27, 1983, the UCJB was advised of the possibility that Ms. Henderson was not covered by Allstate on May 2, 1983. However, plaintiff was then advised by the UCJB on October 9, 1984, that payment would not be forthcoming because of their belief that defendant Henderson was insured by Allstate at the time of the accident.

Plaintiff now argues that she is entitled to relief from the UCJF pursuant to *N.J.S.A.* 39:6–62 et seq. Based on this, plaintiff contends that summary judgment on the third count of her complaint is warranted.

Additionally, Allstate contends that because Ms. Henderson legally empowered Intech to cancel her policy for non-payment of a premium, the cancellation notice effective April 1, 1983 was valid. Thus, Allstate argues that on the date of the accident, Ms. Henderson was not covered. Allstate therefore seeks summary judgment as to the second count of the complaint and all crossclaims against Allstate which may assert coverage.

It is the position of the defendants, Henderson and the UCJF, that the cancellation notice sent by Intech is ineffective pursuant to *N.J.S.A.* 17:29c–8. This statute provides that the insurer shall give 15 days notice of cancellation when the cancellation is

for non-payment of premium. However, this insurance agreement involves the services of a premium finance company.

The agreement between Ms. Henderson and Intech provides in part that:

"If the insured does not make required payments under this agreement, Intech Premium Funding Corporation is hereby appointed as attorney in fact, empowered to cancel the policy and direct the insurance company that returned premiums be payable to Intech Premium Funding Corporation."

Therefore, the applicable statute is *N.J.S.A.* 17:16D–13, which provides in relevant part:

17:16D–13. Cancellation of insurance contract upon default.

(a) When a premium finance agreement contains a power of attorney enabling the premium finance company to cancel any insurance contract or contracts listed in the agreement, the insurance contract or contracts shall not be cancelled by the premium finance company unless such cancellation is effectuated in accordance with this section.

(b) Not less than 10 days' written notice shall be mailed to the insured of the intent of the premium finance company to cancel the insurance contract unless the default is cured within such 10–day period. A copy of said notice shall also be sent to the insurance agent or insurance broker indicated on the premium finance agreement.

(c) After expiration of such 10–day period, the premium finance company may thereafter request in the name of the insured, cancellation of such insurance contract or contracts by mailing to the insurer a notice of cancellation, and the insurance contract shall be cancelled as if such notice of cancellation had been submitted by the insured himself, but without requiring the return of the insurance contract or contracts. The premium finance company shall also mail a notice of cancellation to the insured at his last known address and to the insurance agent or insurance broker indicated on the premium finance agreement. The effective date of such cancellation shall not be earlier than 3 days after the date of mailing such notice to the insured and to the insurance agent or insurance broker.

Accordingly, the premium finance company is required to give the insured two notices in order for the cancellation to have effect.

First, a "Notice of Intent to Cancel" must be sent after the default to inform the insured of the pending cancellation if the default should not be cured within a 10–day period. In *Wright v. Rumble,* 194 *N.J.Super.* 337, 342 (A.D.1984), the court explained the purpose of such a notice as follows:

"the function of that notice is to give the insured warning that if payment if not made by a certain date, it will be too late for him thereafter to prevent the

cancellation of the policy. The notice must be clear and unequivocal so that the insured will fully understand his peril and know what he had to do to prevent cancellation. If the notice of intent to cancel is inadequate, it will not be given legal effect." (citation omitted).

If the insured fails to cure the default, a "Notice of Cancellation" is given. This advises the insured that default can no longer be corrected as the finance company has cancelled the policy. The statute provides that the effective date of cancellation shall be at least 3 days after the date of mailing, so as to allow time for mail delivery of the notice. Once this notice of cancellation is received by the insured, "the insured can no longer prevent cancellation *if the notice of to cancel was adequate." Wright,* supra, at p. 343. (Emphasis added.)

A careful review of all evidence submitted leads this Court to conclude that a "Notice of Intent to Cancel" was never sent by Intech. The insured defaulted on the first payment due March 2, 1983, and on March 30 of that month, the notice of cancellation (submitted as Exhibit "D" by Allstate) was sent. The effective date of cancellation was listed as April 3, 1983. However, there is no evidence to suggest that a notice of intent to cancel was ever given to the insured between the time of default and the mailing date of the notice of cancellation by Intech.

Therefore, it appears that the policy was never effectively cancelled pursuant to *N.J.S.A.* 17:16D–13. Also, the check received by Allstate from Henderson on May 6, 1983, for the full amount due, would seem to be a factor in favor of continued coverage.

For these reasons, the Court finds that a question of fact exists as to whether Melanie Henderson was insured at the time of the accident, and Allstate's motion for summary judgment as to the issue of coverage must be denied. Likewise, plaintiff's motions for summary judgment as to the third count of her Complaint must also be denied.